IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:09cr173-MHT |
| | ) | (WO) |
| KAWASI WILSON | ) | |

OPINION AND ORDER

After the First Step Act Screening Panel was unable
to come to a decision about whether defendant Kawasi
Wilson was eligible for a reduced sentence, *see* Panel
Recommendation (doc. no. 39), this court appointed
counsel for Wilson and ordered briefing on (1) "the
extent of relief for which the defendant is eligible
under the First Step Act" and (2) "whether ... to set a
hearing on the issue."  Order (doc. no. 43) at 1.  That
briefing is now complete.  Wilson and the government
agree that he is eligible for relief under the First
Step Act and agree on the new applicable guideline
range.  But Wilson and the government disagree about
whether this court should hold a hearing to consider
evidence of post-sentencing rehabilitation.  For the

reasons that follow, the court will set a hearing and will consider such evidence.

## I.   BACKGROUND

### A.   Original Sentencing

In April 2010, Wilson pled guilty to one count of distribution of crack cocaine, in violation of 21 U.S.C. § 841.   *See* Judgment (doc. no. 31).   At the time, he faced a statutory-minimum sentence of five years and a statutory-maximum sentence of 40 years. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (version effective Apr. 15, 2009, to Aug. 2, 2010) (for violations involving at least five grams and less than 50 grams of crack cocaine); Presentence Investigation Report (doc. no. 32) (sealed) at 5 ¶ 14 (drug weight).   Per the terms of what is known as a "Type-C" binding plea agreement, the government and Wilson agreed that Wilson should be considered a career offender; that, based on

2

the applicable statutory maximum, the applicable guideline range was 188 to 235 months imprisonment; that a bottom-of-the-guidelines-range sentence would be appropriate; and that the government would dismiss a second charge. *See* Plea Agreement (doc. no. 19) at 1, 3; *see also* Presentence Investigation Report (doc. no. 32) (sealed) at 3-4 ¶¶ 3-4 (agreeing with guideline calculation). The court accepted the plea agreement and sentenced Wilson to 188 months of incarceration. *See* Judgment (doc. no. 31).

## B.   Fair Sentencing Act Reform

Less than six months after Wilson was sentenced, Congress reduced the penalties for crack cocaine with the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. As a result, had Wilson been sentenced on or after August 3, 2010, when the Act went into effect, he would have faced no statutory-minimum sentence and a statutory-maximum sentence of 20 years.

3

*See* 21 U.S.C. § 841(b)(1)(C) (version effective Aug. 3, 2010, to Dec. 20, 2018) (for violations involving less than 28 grams of crack cocaine); *see also Dorsey v. United States*, 567 U.S. 260 (2012) (holding that the Fair Sentencing Act applies to pre-Act offenders sentenced on or after effective date of Act).  These reduced statutory penalties would also have reduced his guideline calculation.  *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1(b) (offense level for career offenders based on offense statutory maximum); *see also* Presentence Investigation Report (doc. no. 32) (sealed) at 5 ¶ 20 (applying § 4B1.1(b)).

### C.  First Step Act Retroactivity

A district court generally "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  However, there are a few exceptions to this rule.  A court "may modify an imposed term of imprisonment to the extent otherwise expressly

4

permitted by statute." *Id.* at § 3582(c)(1)(B). In 2018, the First Step Act, Pub. L. 115-391, 132 Stat. 5194, made the Fair Sentencing Act retroactive. Under the First Step Act, a court "that imposed a sentence for a covered offense may ... impose a reduced sentence as if section[] 2 ... of the Fair Sentencing Act of 2010 ... [was] in effect at the time the *covered offense* was committed." First Step Act § 404(b), 132 Stat. 5222 (emphasis added). A "covered offense" includes an offense for which "the statutory penalties ... were modified by section 2 ... of the Fair Sentencing Act." *Id.* at § 404(a), 132 Stat. 5222. Wilson's conviction for distribution of crack cocaine is a covered offense.

## II. DISCUSSION

The government and Wilson agree that Wilson is entitled to relief under the First Step Act. *See* Gov't's Response (doc. no. 46) at 1; Def.'s Reply (doc. no. 47) at 1. They further agree that the new

applicable guideline range would be 151 months to 188 months.  *See* Gov't's Response (doc. no. 46) at 1; Def.'s Reply (doc. no. 47) at 1; *see also id.* at 1 n.1 (disclaiming a previous claim that the guideline range was 120 to 150 months).  The government recommends that Wilson's sentence "should be adjusted to 151 months' imprisonment, the bottom of that range."  Gov't's Response (doc. no. 46) at 1.  But the parties disagree about whether this court should hold a hearing to consider whether the sentencing factors set forth in 18 U.S.C. § 3553(a) support a further reduction, including evidence of Wilson's post-sentence rehabilitation.  As explained below, the court concludes that it should hold a hearing on the matter.

###### A.   Consideration of Sentencing Factors

Wilson argues that a sentencing hearing should be set as soon as possible and that, at the hearing, he "will be prepared to present additional information

regarding post-offense rehabilitation and other factors

pursuant to 18 U.S.C. § 3553(a)."   Def.'s Response

(doc. no. 45) at 5.

In support of this argument, Wilson analogizes a

resentencing under the First Step Act to a resentencing

when a defendant's original sentence has been set aside

on appeal.   *See* Def.'s Reply (doc. no. 47) at 2.   The

United States Supreme Court, in *Pepper v. United

States*, 562 U.S. 476 (2011), has explained that in the

latter instance "a district court ... may consider

evidence    of    the    defendant's    postsentencing

rehabilitation    and    that    such    evidence    may,    in

appropriate cases, support a downward variance from the

now-advisory Federal Sentencing Guidelines range."   *Id*.

at 481.   Wilson contends that the same approach should

apply in the context of a resentencing under the First

Step Act.

Wilson's reading of *Pepper* is consistent with a

recent, albeit unpublished, opinion, in the Eleventh

Circuit.    In *United States v. Baronville*, 799 Fed.
App'x 725 (11th Cir. 2020), the defendant appealed from
a district court's ruling on a First Step motion,
contending that, because "the district court failed to
address adequately his request for a downward
variance," it was "unclear whether the district court
concluded that it lacked authority to vary downward or
whether the district court exercised its discretion in
denying a downward variance."    *Id*. at 727.    The
unanimous panel accepted that district courts are
"authorized to vary below the guidelines range" based
on the sentencing factors set forth in 18
U.S.C. § 3553(a) when imposing a reduced sentence under
the First Step Act and proceeded to determine whether
the district court in fact recognized this.    *Id*..    The
panel was ultimately persuaded by the record before it
that "the district court reasoned that--similar to the
original sentence of 192 months--a sentence of 188

8

months was appropriate in the light of the section 3553(a) factors." *Id*. at 728.

Importantly, if this court were to consider the § 3553(a) sentencing factors, it is clear that such factors would include post-sentence rehabilitation. In *Pepper*, the Supreme Court explained that "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing. For example, evidence of postsentencing rehabilitation may plainly be relevant to 'the history and characteristics of the defendant.'" 562 U.S.at 491 (2011) (*quoting* 18 U.S.C. § 3553(a)(1)).

In response to Wilson's argument, the government argues that "[a]djusting a sentence under the First Step Act does not require a full resentencing." Gov't's Response (doc. no. 46) at 4. The government quotes from *United States v. Carter*, 792 F. App'x 660 (11th Cir. 2019), a recent, also unpublished, Eleventh

9

Circuit opinion on the First Step Act.  In that case, the defendant was convicted of a conspiracy involving multiple controlled substances, including crack cocaine.  *See id*. at 660.  Because Carter had a prior felony drug conviction and because a death resulted from the controlled substance offense, Carter was subject to a mandatory term of life imprisonment.  *See id*. at 661.  After he was sentenced, the United States Supreme Court held in *Burrage v. United States*, 571 U.S. 204 (2014) that, "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury."  *Id*. at 218-19.

Importantly, Carter made a more expansive First Step Act argument than Wilson makes here in an attempt to take advantage of *Burrage* and apply it

retroactively. Carter argued "that the First Step Act grants federal courts the broad authority to resentence a defendant based on subsequent changes in the law *beyond those* mandated by sections 2 and 3 of the Fair Sentencing Act." *Carter*, 792 F. App'x at 663 (emphasis added). It was in that specific context that the panel announced the holding quoted by the government, "reject[ing] Carter's claim that, under the First Step Act, he is effectively entitled to a *de novo* sentencing proceeding ... simply because he was convicted of an offense covered by the Fair Sentencing Act." *Id.; see also* Gov't's Reply (doc. no. 46) at 4 (quoting this). There is no similar concern here, as Wilson is only arguing to be resentenced based on the Fair Sentencing Act and not on any other changes in law, such as a subsequent Supreme Court decision on an unrelated issue.

The court is persuaded that it is appropriate to consider all of the § 3553(a) factors in resentencing a

defendant under the First Step Act, and that a hearing would assist the court in doing so.

B.   Effect of a Binding Plea Agreement

The government also notes that the court previously accepted Wilson's binding plea agreement, though it does not give the court the benefit of reasoned argument as to why this would be an obstacle to holding a hearing.  *See* Gov't's Response (doc. no. 46) at 5. In contrast, Wilson argues that his plea agreement should not be an obstacle.  He submits that a resentencing under the First Step Act is analogous to a resentencing when the applicable guideline range has been subsequently lowered by the Sentencing Commission. *See* Def.'s Response (doc. no. 45) at 4-5.  The United States Supreme Court, in *Hughes v. United States*, 138 S. Ct. 1765 (2018), held that, in the latter instance, even a defendant who agreed to a "Type-C" binding plea agreement is eligible for sentencing relief.  This was

12

despite the fact that the defendant in *Hughes*, like defendant Wilson here, had pled guilty in exchange for the dismissal of other charges.  *See id*. at 1773-74.

Given *Hughes*, the court concludes that Wilson's binding plea agreement will not prevent resentencing under the First Step Act.  Importantly, however, *Hughes* instructs that "[t]he district court can consider the benefits the defendant gained by entering a Type-C agreement when it decides whether a reduction is appropriate (or when it determines the extent of any reduction)."  *Id*. at 1777

*** 

Because the court will consider Wilson's post-sentencing rehabilitation of Wilson, along with the other § 3553(a) factors, when resentencing him under the First Step Act, the court finds that holding a sentencing hearing to consider relevant evidence is appropriate and potentially would be helpful.  However,

13

in light of the COVID-19 pandemic, it may be difficult to hold such a hearing in the near future.

Accordingly, it is ORDERED that a resentencing hearing for defendant Kawasi Wilson will be set at such a time as is appropriate in light of the current outbreak of the Coronavirus Disease (COVID-19) and the rapidly evolving threat to health and safety. *See generally* In Re: Court Operations Under Exigent Circumstances, Civil Misc. No. 2:20-mc-3910. The hearing will be reset after the court has conferred with counsel for the parties about the details.

DONE, this the 5th day of August, 2020.

    /s/ Myron H. Thompson    
    UNITED STATES DISTRICT JUDGE

**14**